1  TUCKER ELLIS & WEST LLP
   MICHAEL C. ZELLERS - State Bar No. 146904
2  PETER E. SCHNAITMAN - State Bar No. 218982
   515 South Flower Street
3  Forty-Second Floor
   Los Angeles, California 90071-2223
4  Telephone: (213) 430-3400
   Facsimile: (213) 430-3409
5  michael.zellers@tuckerellis.com
   peter.schnaitman@tuckerellis.com
6
   Attorneys for Defendant
7  CENTOCOR, INC.

8

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12  JUDY DAVIDSON, individually and as the        )  Case No.  C-06-05657 JSW
    Executor of the Estate of Larry C. Davidson,  )
13  deceased, MICHAEL DAVIDSON, a minor by        )  JOINT ADMINISTRATIVE MOTION
    and through his guardian, Judy Davidson,      )  TO FILE PETITION FOR MINOR'S
14  LORREN DAVIDSON HALE, and DEANNA              )  COMPROMISE OF DISPUTED CLAIM
    DAVIDSON MOEN,                                )  UNDER SEAL; MEMORANDUM OF
15                                                )  POINTS AND AUTHORITIES IN
                 Plaintiffs,                      )  SUPPORT THEREOF; DECLARATION
16                                                )  OF PETER E. SCHNAITMAN; AND
              v.                                  )  [PROPOSED] ORDER
17                                                )
    CENTOCOR, INC. and DOES 1 to 20,              )  Date:   September 14, 2007
18  inclusive,                                    )  Time:   9:00 a.m.
                                                  )  Place:  Courtroom 2, 17th Floor
19               Defendants.                      )
                                                  )
20  _____)

21

22  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23      **PLEASE TAKE NOTICE** that on September 14, 2007, at 9:00 a.m. in Courtroom 2, or

24  as soon thereafter as this matter may be heard by the above-entitled court, located at 450 Golden

25  Gate Avenue, 17th Floor, San Francisco, California, the parties will jointly move this court for

26  an order to seal Plaintiff's Petition for Minor's Compromise of Disputed Claim pursuant to Local

27  Rules 7-11 and 79-5.

28      This Administrative Motion is brought on the grounds that in their Confidential

TUCKER ELLIS & WEST LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

LAimanage/30180/00486/594732/1

1  Settlement Agreement and Release, the parties agreed that the terms of their settlement
2  agreement shall remain confidential. The parties have an overriding interest in precluding the
3  public access to the terms of the settlement. The proposed sealing is narrowly tailored and there
4  is no less restrictive means by which to preclude public access to this information.
5      This motion is brought pursuant to Local Rules 7-11 and 79-5 and is based on this Notice
6  of Administrative Motion, the accompanying Memorandum of Points and Authorities, the
7  Declaration of Peter E. Schnaitman filed concurrently herewith, the pleadings and papers on file
8  in this action, and upon such further matter as may be presented at or before the hearing on this
9  Motion.

DATED: August 7, 2007

TUCKER ELLIS & WEST LLP
By:

Peter E. Schnaitman
Attorneys for Defendant
Centocor, Inc.

DATED: August 8, 2007

SEEGER • SALVAS LLP
By:

Kenneth M. Seeger, Esq.
Brian J. Devine, Esq.
Attorneys for Plaintiffs

TUCKER ELLIS & WEST LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

2.
JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL
LAimanage/30180/00486/594732/1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs brought this product liability action based on alleged defects in the prescription drug Remicade®, which is manufactured by Defendant Centocor, Inc. Plaintiffs alleged that Larry Davidson, a 62-year old man, developed small cell carcinoma from using Remicade® and died as a result. The parties have reached a settlement in this case and have signed a Confidential Settlement Agreement and Release ("Settlement Agreement") mandating that the terms of this settlement remain confidential.

Defendant requests that a redacted version of Plaintiff's Petition for Minor's Compromise of Disputed Claim ("Petition for Compromise") be placed in the publicly-available record for this case, and that the original remain sealed to ensure that the confidential information stays confidential.

### II.     DESCRIPTION OF DOCUMENTS TO BE SEALED

Defendant seeks a Court order to seal the original Plaintiff's Petition for Compromise, including all attachments. The parties have signed a Settlement Agreement that mandates that the terms of the settlement shall remain confidential. Therefore, Defendant seeks to seal Plaintiff's Petition to Compromise to ensure that the terms of the Settlement Agreement remain confidential. A redacted version will also be filed to minimize the limitation of public access to court records.

### III.    THE DOCUMENTS TO BE SEALED MEET THE REQUIREMENTS OF LOCAL RULE 79-5

Under Local Rule 79-5, documents are to be sealed if the Court finds that the request "establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law" and is "narrowly tailored to seek sealing only of sealable material."

A binding contractual agreement not to disclose is an overriding interest that supports sealing the record under Local Rule 79-5. *Huffy Corp. v. Superior Court* (2003) 112 Cal.App.4th 97, 107. The Settlement Agreement, signed by the parties, mandates that the terms of the settlement remain confidential. Because the parties have contracted

TUCKER ELLIS & WEST LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

LAimanage/30180/00486/594732/1

3.
JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

to keep that information confidential, they may not disclose it in a publicly-available Petition for Compromise.

"[O]nce it is established there is a potential overriding interest, the party seeking closure or sealing must prove prejudice to that interest is substantially probable." *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273, 1283; *NBC Subsidiary, Inc. v. Superior Court of Los Angeles County* (1999) 20 Cal.4th 1178, 1217-1218. Disclosure of the confidential terms of the Settlement Agreement would be publicly available if the Petition for Compromise were not sealed. There are many cases involving Remicade® currently pending around the country, and there is a high likelihood that other plaintiffs' attorneys would seek information about the terms of the settlement in this case. Therefore, there is a substantial probability that the terms of the Settlement Agreement would be disclosed to Defendant's detriment.

Moreover, the California Supreme Court has addressed the issue of sealing a court proceedings and documents in light of the public's right to have access. *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178. In *NBC*, the court noted that the right to a fair trial is an appropriate justification to demonstrate an overriding interest by a party seeking the sealing of a record. The court noted that the "justification-protection of the underlying civil litigants' right to a fair trial-is, in the abstract, an overriding interest" and appropriate to permit closure of a court record. *Id.* at 1222.

In this instance, such an overriding interest exists because Defendant is currently in litigation with other third parties regarding the use of Remicade®. There may be additional future litigation between Defendant and other Remicade®-users. Defendant anticipates that these other third parties or potential parties will attempt to gain access to the settlement negotiations and settlement terms in this case to improperly further their own interests. This will substantially prejudice the rights of Defendant in those other actions to obtain a fair trial. The settlement negotiations and terms in this case are not admissible in future litigation to prove liability, so other third parties have no legitimate interest in this information. Cal. Evid. Code §1152(a) specifically provides that agreements and conduct in negotiation of settlements are not

TUCKER ELLIS & WEST LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

4.
JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL
LAimanage/30180/00486/594732/1

admissible to prove liability. This rule also applies to the admissibility of this evidence in future litigation. *Ginocchio v. Davison* (1961) 198 Cal.App.2d 514, 520 (proper to exclude evidence of release signed by plaintiff regarding settlement of prior action).

A copy of the Petition for Compromise with the settlement information redacted will be available in the public court file. The proposed sealing is therefore narrowly tailored and is the least restrictive means to ensure that the terms of the parties' settlement remain confidential. The Court's interest in keeping court information available to the public will be minimally impacted.

## IV.  CONCLUSION

The original Petition to Compromise meets the requirements for sealing records under Local Rules 7-11 and 79-5. The original Petition to Compromise and all attachments should therefore be sealed to protect the parties' interests in keeping the terms of the Settlement Agreement confidential.

DATED: August 7, 2007

TUCKER ELLIS & WEST LLP
By: _____
Peter E. Schnaitman
Attorneys for Defendant
Centocor, Inc.

DATED: August 8, 2007

SEEGER • SALVAS LLP
By: _____
Kenneth M. Seeger, Esq.
Brian J. Devine, Esq.
Attorneys for Plaintiffs

TUCKER ELLIS & WEST LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

5.
JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL
LAimanage/30180/00486/594732/1

# DECLARATION OF PETER E. SCHNAITMAN

I, Peter E. Schnaitman, declare as follows:

I am an attorney at law, duly authorized to practice before the courts in the State of California and I am counsel with the law firm of Tucker Ellis & West LLP, attorneys for Defendant Centocor, Inc. I have personal knowledge of all of the facts attested to in this declaration and could competently testify thereto if called as a witness in any legal proceeding.

1. The parties in this case have agreed to settle Plaintiffs' claims. The parties have therefore entered into a Confidential Settlement Agreement and Release that sets out the terms of the settlement between the parties.

2. The Confidential Settlement Agreement and Release contains a provision mandating that the terms of the Settlement Agreement remain confidential.

3. Because certain terms of the settlement are required to be in the Petition for Compromise, the parties would be prejudiced if the Petition for Compromise and related attachments were filed in a publicly-available unredacted form. The parties would be unable to fulfill their obligations under the terms of the Confidential Settlement Agreement and Release to keep the terms of the settlement confidential.

4. There will be no prejudice to any of the parties to this action if the Petition for Compromise were sealed. Both parties have already agreed to keep the terms of the Confidential Settlement Agreement and Release confidential.

5. Because a redacted form of the Petition for Compromise will be publicly available in the court record, the proposed sealing of the documents is narrowly tailored and will not prejudice the right of public access to the documents in the case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration is executed by me on this 7 day of August, 2007, in Los Angeles, California.

_____
Peter E. Schnaitman

TUCKER ELLIS & WEST LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223

6.
JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

LAimanage/30180/00486/594732/1